SHANNON M. MCMINIMEE
LARA HRUSKA
ALEX HAGEL
Cedar Law PLLC
120 N 50th Ave
Yakima, WA 98908
T: 206.607.8277
F: 206.607.8277
E: shannon@cedarlawpllc.com
E: lara@cedarlawpllc.com
E: alex@cedarlawpllc.com
RYAN P. FORD
Ford Law Firm PLLC
1001 4th Avenue, Suite 4400
Seattle, WA 98154
T: 206.552.0258
F: 206.260.9121
E: rpf@fordlawfirmpllc.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AVIANNA MORENO and ANDRÉA CANTU,<br><br>      Plaintiffs,<br><br>v.<br><br>YAKIMA SCHOOL DISTRICT NO. 7, JOHN R. IRION, in his individual capacity, CECILIA MAHRE, in her individual capacity, ROBERT STANLEY in his individual capacity, and STEVEN MCKENNA, in his individual capacity.<br>      Defendants. | **NO. 1:20-cv-3002**<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

Avianna Moreno ("Avianna") and Andréa Cantu ("Ms. Cantu"), by and through their attorneys, alleges:

## I.    PARTIES AND JURISDICTION

1.    Defendant, Yakima School District No. 7 ("YSD" or the "District") is a first-class school district organized under the laws of the State of Washington and a quasi-municipal government agency located in Yakima County, Washington.

2.    The District is a recipient of federal funding from the U.S. Department of Education under Title IX of the Education Amendments Act of 1972 ("Title IX") and Title VI of the Civil Rights Act of 1964 ("Title VI") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), is a "public entity" as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., ("ADA"), and is a "Washington public school" under Rev. Code Wash. § 28A.642.010.

3.    Upon information and belief, Defendant, John "Jack" Irion, ("Defendant Irion") resides in Yakima, Washington and was the District's Superintendent at all times relevant to this lawsuit.

4.    Upon information and belief, Defendant, Cecelia Mahre, ("Defendant Mahre") resides in Ellensburg, Washington and was the District's Deputy Superintendent, Civil Rights Compliance Coordinator, and Title IX Coordinator at all times relevant to this lawsuit.

5.     Upon information and belief, Defendant, Robert "Bob" Stanley, ("Defendant Stanley") resides in either Selah or Yakima, Washington and was an Assistant Principal and Athletic Director at the District's Davis High School ("Davis") at all times relevant to this lawsuit.

6.     Upon information and belief, Defendant, Steven McKenna, ("Defendant McKenna") resides in Selah, Washington and was a District teacher on special assignment at all times relevant to this lawsuit.

7.     Avianna is the daughter of Ms. Cantu.

8.     Avianna was a minor during most of the times relevant to this lawsuit.

9.     Avianna and Ms. Cantu reside in Yakima.

10.    Avianna and Ms. Cantu have resided within the boundaries of the District at all times relevant to this lawsuit.

11.    Avianna attended Davis at all times relevant to the facts set forth in this Complaint, prior to her graduating in June of 2019.

12.    Avianna is female.

13.    Avianna is Hispanic.

14.    Avianna was a student with a disability as defined by the ADA and Section 504 when she attended Davis.

15.    Ms. Cantu is female.

16.    Ms. Cantu is Hispanic.

COMPLAINT AND DEMAND FOR JURY TRIAL- 3

17.    Ms. Cantu was a person with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act of 1973 when her child attended Davis.

18.    All acts complained of occurred within the Eastern District of Washington.

19.    The Federal Court for the Eastern District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1367(a).

20.    Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b) because the acts and omissions complained herein occurred in the District and Defendant conducts business there.

21.    It has been over 61 days since the Plaintiffs filed a tort claim pursuant to the Tort Claims Act, Chapter 4.92 RCW with the District through Defendant Irion on or about September 24, 2018.

## II.    INTRADISTRICT ASSIGNMENT

22.     This action arose in Yakima County, Washington. Therefore, Plaintiffs respectfully request that the case be assigned to the Yakima Division of the Eastern District of Washington.

COMPLAINT AND DEMAND FOR JURY TRIAL- 4

## II. FACTS

23.    Avianna began attending Davis during the 2015-2016 school.

24.    During the course of her enrollment at Davis, Avianna has been the subject of discrimination and harassment based upon membership in a protected class based upon sex/gender, discrimination and harassment based upon sex/gender, and pervasive and ongoing Harassment, Intimidation and Bullying ("HIB") (hereinafter collectively referred to as "discrimination and HIB").

25. The District had been aware of discrimination and HIB directed towards Avianna since on or about April 18, 2016.

I.    _Discrimination and HIB by Students at and from Davis High School_

26. On April 18, 2016 Avianna received a discriminatory and HIB text message from another female student at Davis ("Student #1"). The text message contained implied threats of violence directed at Avianna

27.  The text message was motivated by Avianna's sex and gender.

28.  Avianna and Ms. Cantu provided the text message to the District on or about that same day, April 18, 2016.

29. Student #1, her friends, and her family repeatedly retaliated against Avianna after she reported the text message to the District. This included calling Avianna a "rat" and a "snitch" both online and while at school.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 5

30. Ms. Cantu frequently updated the District about the ongoing and pervasive discrimination and HIB that Avianna was being subject to, along with retaliation Avianna was facing at Davis led by Student #1 for Ms. Cantu and Avianna reporting discrimination and HIB. For example, on April 26, 2016, Ms. Cantu emailed Defendant Stanley to inform him the retaliatory behavior was escalating and that "these behaviors are effecting Avianna's health, welfare, safety & overall emotional well being [sic]. They are also disruptive to Avianna's education."

31. Defendants Irion and Mahre were made aware of the ongoing and pervasive discrimination and HIB that Avianna was being subject to, along with retaliation for Avianna and Ms. Cantu reporting the same on or about April 26, 2016, A.C

32. During the 2016-2017 school year, on September 21, 2016, Student #1 physically assaulted Avianna in the Davis hallway by intentionally walking into her. Avianna reported the assault to Davis administrators. The assault was recorded on a Davis Security Camera and a Davis administrator determined Student #1's conduct was intentional.

33. Student #1 continued to subject Avianna to discrimination and HIB as well as retaliation for reporting discrimination and HIB, including threatening to subject Avianna to additional physical violence.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 6

34. On October 4, 2016, Student #1 "snapped" a photograph of a dead rat with Avianna's name superimposed over the image.[1] Other students at Davis made discriminatory and HIB comments directed towards Avianna regarding the snap.

35. Davis administrators, and in particular Defendant Stanley, were made aware of the discriminatory and HIB comments and retaliation that Avianna was subject to by Student #1 and other Davis students by Ms. Cantu and Avianna

36. As a result of the ongoing discrimination and HIB directed as well as retaliation for reporting discrimination and HIB towards Avianna, Ms. Cantu sought and was granted an Anti-Harassment Protection Order against Student #1 to protect Avianna from her.

37. Despite the Anti-Harassment Protection Order, the discrimination and HIB as well as retaliation for reporting discrimination and HIB continued to be perpetrated against Avianna during the 2016-2017 school year.

38. For example, on or about January 17, 2017, another female student ("Student #2") said something to the effect of "Oh my god, another fucking boyfriend?" after seeing Avianna walking with a male classmate.

39. Student #2's conduct was motivated by Avianna's gender and sex.

---

[1] Snapchat is a social media application that allows its users to send pictures and captions to other users. These pictures are called "snaps". Snaps are designed to disappear after being viewed.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 7

40. Ms. Cantu made the District aware of the comment made by Student #2 and told the District via email that "Avianna is extremely hesitant about me reporting this. She indicated that she is flat out scared of [Student #2] and fearful of her own personal safety, and retaliation by [Student #2]."

41. On February 2, 2016, Ms. Cantu sought and obtained a Temporary Anti-Harassment Protection Order against Student #2 to protect Avianna from her.

42. All documents related to the anti-harassment petitions and resulting Temporary Anti-Harassment Protection Order were provided to the District, both through Ms. Cantu handing them to Defendant Stanley and based upon information and belief, through the Yakima Police Department, who effected service upon Students #1 and #2 at Davis with the assistance of Defendant Stanley and other District staff.

43. The District, through Defendant Stanley, directly informed Ms. Cantu that it could not or would not comply with the Temporary Anti-Harassment Protection Order issued against Student #2 to protect Avianna from her.

44. Student #2 continued to harass Avianna

45. On February 16, 2017, Ms. Cantu sought and obtained an Anti-Harassment Protection Order against Student #2. In issuing the order, Yakima County Superior Court Judge Douglas Federspiel made the following statement, or a statement similar in effect:

COMPLAINT AND DEMAND FOR JURY TRIAL- 8

> I understand that there is a discrepancy between [the] school's reaction and the court's reaction and it is due to the legislature's guidance that this is increasing, and it needs to be taken seriously and it needs to stop. And so, while the school's zero tolerance is puzzling at best, I would like to send a message today to this high school and other schools that this court has zero tolerance and they need to bring their views into alignment. This collectively, this misconduct, has to stop.

46. When referring to "this high school," Judge Federspiel was referring to Davis.

47. Despite the second anti-harassment order issued against a Davis student to protect Avianna, and the comments by Judge Federspiel, the discrimination and HIB and retaliation for reporting discrimination and HIB continued.

48. All documents related to the second anti-harassment order were provided to the District, both through Ms. Cantu handing them to Defendant Stanley and based upon information and belief through the Yakima Police Department, who effected service upon Student #2 at school with the assistance of District staff.

49. On or about February 17, 2017, graffiti was found in a Davis girl's bathroom that depicted a penis ejaculating onto the words "[Avianna] is a hoe bitch."

50. This graffiti was motivated by Avianna's gender and sex.

COMPLAINT AND DEMAND FOR JURY TRIAL- 9

51. On or about February 18, 2017, another female student ("Student #3"), who was standing above Avianna on the third floor of Davis, attempted to poor a liquid onto Avianna, who was standing on the second floor.

52. On or about February 17, 2018, Avianna was drugged and physically assaulted at a party attended by other Davis students.

53. On or about February 18, 2018, Avianna was sent a video of herself being thrown around like a rag doll at the party.

54. To this day, Avianna does not know if she was also sexually assaulted at the party that occurred on or about February 17, 2018, as the rape kit taken the day after the assault has yet to be processed by the Yakima Police Department.

55. Ms. Cantu reported Avianna's drugging and assault to the Yakima Police Department, who based upon information and belief, reported the same to Davis administration, including Defendant Stanley.

56. The Yakima Police Department conducted its investigation of Avianna's drugging and assault at Davis, during school hours in the Davis main office.

57. Avianna was interviewed by the Yakima Police Department School Resource Officer assigned to Davis--whose school-year salary is paid for by the District--about being drugged and assaulted.

COMPLAINT AND DEMAND FOR JURY TRIAL- 10

58. Based upon information and belief, the Yakima Police Department School Resource Officer assigned to Davis interviewed other witnesses to Avianna being drugged and assaulted at Davis, in the main office, during the school day.

59. The District took no action to investigate Avianna's drugging and assault by the other Davis students, including her suspected sexual assault, despite its obligations to do so under Title IX and Washington's laws related to discrimination and HIB separate from any criminal investigation by law enforcement.

60. Avianna being subject to suspected sexual violence was also her being subject to suspected sexual discrimination under Title IX.

61. Avianna being drugged and assaulted was part of the pattern of ongoing discrimination and HIB that Avianna was subjected to while she was enrolled at Davis.

62. Avianna's drugging and assault being video recorded and shared was part of the pattern of ongoing discrimination and HIB that Avianna was subjected to while she was enrolled at Davis.

II. _The District's Actions Regarding Discrimination and HIB by Davis Students_

63. The District's Operational Procedures 3210, 3216, and 3215 outline the procedures school administrators must follow when a district employee knows, or

COMPLAINT AND DEMAND FOR JURY
TRIAL- 11

reasonably should know, that discrimination and harassment based upon membership in a protected class, harassment based upon sex, or HIB is occurring.

64. The District's Operational Procedures 3210, 3216, and 3215 prohibit retaliation against those who raise complaints in good faith.

65. The District consistently failed to follow the relevant operational procedures.

66. Defendant Stanley was a Davis school administrator responsible for investigating allegations of discrimination and HIB under Operational Procedures 3210, 3216, and 3215.

67. During the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years, Defendant Stanley's filing system for discrimination and HIB complaints included placing incident reports in the left-hand drawer of his desk.

68. Defendant Stanley's practice of placing incident reports related to discrimination and HIB in the left-hand drawer of his desk during the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years was a direct violation of the District's Operational Procedures 3210, 3216, and 3215.

69. During the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years, Defendant Stanley's practice of unilaterally deciding if the complaint was serious enough to warrant being recorded in the District's electronic HIB database

COMPLAINT AND DEMAND FOR JURY
TRIAL- 12

inhibited Mr. Stanley's and the District's ability to identify the pattern of discrimination and HIB that Avianna was being subjected to.

70. During the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years, Defendant Stanley's practice of unilaterally deciding if the complaint was serious enough to warrant being recorded in the District's electronic HIB database inhibited Mr. Stanley's and the District's ability to identify the frequency of discrimination and HIB that Avianna was being subjected to.

71. During the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years, Defendant Stanley's practice of unilaterally deciding if the complaint was serious enough to warrant being recorded in the District's electronic HIB database inhibited Mr. Stanley's and the District's ability to identify the severity of discrimination and HIB that Avianna was being subjected to.

72. During the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years, unless Defendant Stanley's superiors specifically requested that he investigate a discrimination and HIB complaint, Defendant Stanley investigated only when he unilaterally decided that the nature of the conduct had escalated enough in frequency and severity to warrant his attention.

73. Because Defendant Stanley's filing system for discrimination and HIB complaints consisted of placing incident reports in his desk drawer, Defendant

COMPLAINT AND DEMAND FOR JURY
TRIAL- 13

Stanley relied upon his recollection of previous complaints to decide whether the conduct against Avianna met his threshold for investigation.

74. Defendant Stanley failed to act to address the discrimination and HIB that Avianna was experiencing in a manner required by District Operational Procedures, as well as state and federal law.

75. Defendant Mahre, the District's Title IX Coordinator and Civil Rights Complaint Officer, learned of Defendant Stanley's practice of placing incident reports related to discrimination and HIB in the left-hand drawer of his desk during the 2018-2019 school year, and took no action to change his conduct.

76. Defendant Irion, the District's then-Superintendent, learned of Defendant Stanley's practice of placing incident reports related to discrimination and HIB in the left-hand drawer of his desk during the 2018-2019 school year, and took no action to change his conduct.

77. During the 2015-2016, 2016-2017, 2017-2018 and 2018-2019 school years, when Defendant Stanley received a discrimination or HIB complaint, he unilaterally decided if the complaint was serious enough to warrant being recorded in the District's electronic HIB database.

78. The District failed to timely investigate the discrimination and HIB directed towards Avianna. For example, the District failed to investigate the discriminatory and HIB text message Avianna received on April 18, 2016. The

District failed to investigate the retaliatory actions of Davis students until Ms. Cantu brought it to the attention of Defendant Irion on April 25, 2016. Defendant Irion tasked Defendant Mahre, the Title IX Compliance Coordinator and Civil Rights Compliance Officer, with following up with Davis administrators. Defendant Mahre assigned that task to her assistant Brenda Childers. On April 29, 2016, Ms. Childers reported to Defendant Mahre "Bob [Stanley] entered information in HIB last night… Bob has contacted most if not all parents involved… has contacted the police who are aware and providing assistance… and he has imposed discipline to every culprit (see below). Evidently, this girl is a target because she is exceptionally pretty… how sad." (ellipses in original).

79. Defendant Mahre took no action to confirm whether the statements made by Ms. Childers was true.

80. Ms. Childers' mocking comments blaming Avianna for being "exceptionally pretty" and Defendant Mahre's failure to address Ms. Childers' comments illustrate the District's deliberate indifference to Avianna's discrimination and HIB.

81. At no time after learning of any of the multiple physical assaults of Avianna did the Davis administrators, including Defendant Stanley, involve the District's Civil Rights Compliance Coordinator and Title IX Compliance Coordinator (Defendant Mahre) to determine if District policies were violated.

COMPLAINT AND DEMAND FOR JURY TRIAL- 15

82. The District did not report any of the multiple physical assaults of Avianna to law enforcement, nor did it provide counseling or other support services to Avianna

83. At no time after learning of the suspected sexual assault of Avianna did the Davis administrators, including Defendant Stanley, involve the District's Civil Rights Compliance Coordinator and Title IX Compliance Coordinator (Defendant Mahre) to determine if District policies were violated.

84. At no time after learning of the suspected sexual assault of Avianna did the District provide counseling or other support services to Avianna as interim Title IX or HIB measures, despite District Operational Procedure calling for the same.

85. The District failed to investigate retaliatory conduct, including the dead rat snapchat, that occurred after Avianna reported the discrimination and HIB, including the physical assault that occurred on September 21, 2016.

86. When Defendant Stanley did investigate allegations of discrimination and HIB against Avianna, his investigations failed to adequately develop and consider all the facts available to him. For example, although Defendant Stanley did investigate the comments made by Student #2, he incorrectly determined that none of the witnesses heard anything. This is directly contradicted by a witness's statement that "it so happens [redacted] might have mumbled something. I don't know exactly what because I was asking [redacted] about my grades."

COMPLAINT AND DEMAND FOR JURY
TRIAL- 16

87. Defendant Stanley failed to involve the District's Civil Rights Compliance Coordinator and Title IX Compliance Coordinator (Defendant Mahre) to determine if any of the other retaliatory actions described above violated District Operational Procedures.

88. The District failed to create safety and support plan for Avianna during the 2017-2018 school year.

89. Despite knowing that Avianna had developed anxiety, panic attacks, post-traumatic stress disorder, and depression as a result of being subjected to severe, persistent, and pervasive discrimination and HIB, and that these mental health conditions substantially impacted her ability to engage in major activities such as learning, thinking, eating, and communicating, the District at no time afforded Avianna protections as a student with a disability under state or federal law.

III.    *Discrimination and HIB during Avianna's Participation in Dance*

90. Plaintiffs reallege the above paragraphs.

91. Towards the end of the 2016-2017 school year, Avianna was selected as co-captain of the Davis Dance Team for the 2017-2018 school year. While co-captain, Avianna was the subject of ongoing discrimination and HIB from other dance team members and District employees.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 17

92. In July 2017, Davis announced the hiring of a new Dance Team Coach Jackie Graf.

93. During the 2017-2018 and 2018-2019 school years, Ms. Graf allowed student members of the Davis Dance team (including her own daughter who was on the team) to pervasively and persistently harass Avianna.

94. Ms. Graf, a District employee, personally contributed to the persistent and pervasive discrimination and HIB that Avianna was subject to on the Davis Dance Team.

95. Ms. Graf made discriminatory comments towards Avianna in her role as Dance Team Coach. These comments include that the music "sounded retarded," or something to that effect. As identified, Avianna is a student with a disability.

96. These comments were made in front of the Dance Team.

97. Ms. Graf's comments encouraged members of the Dance Team to continue to engage in persistent and pervasive discrimination and HIB of Avianna

98. Ms. Graf supervised and allowed other Davis Dance Team members to verbally harass Avianna on numerous occasions.

99. Ms. Graf fostered a culture of discrimination and HIB directed towards Avianna.

100.    Ms. Graf personally advocated for allowing two Davis students back onto the Dance Team who had bullied and threatened Avianna.

COMPLAINT AND DEMAND FOR JURY TRIAL- 18

101.    The discrimination and HIB directed towards Avianna as a member of the Dance team continued throughout the 2017-2018 school year.

102.    Avianna became physically ill from discrimination and HIB she faced as a member of the dance team, resulting in uncontrollable crying, uncontrollable shaking, and anxiety attacks.

103.    Ms. Cantu reported each instance of discrimination and HIB by the Dance Team to Davis administrators, including Defendant Stanley, via email. This includes nine separate reports regarding the discrimination and HIB directed at Avianna.

104.    Defendant Stanley, via a telephone conversation on December 11, 2017, told Ms. Cantu something to effect of "Ms. Graf was not harassing Avianna".

105.    When Defendant Stanley failed to investigate the allegations of discrimination and HIB, Ms. Cantu contacted the Davis Principal, Ryan McDaniel, who arranged a meeting between Ms. Cantu and Ms. Graf on December 15, 2017.

106.    At the meeting, Ms. Cantu was told there was no discrimination and HIB and that Ms. Cantu was "probably sensitive because of [Avianna's] past history of being bullied" or something to that effect.

107.    The discrimination and HIB directed towards Avianna continued by members of the Davis dance team and Ms. Graf.

COMPLAINT AND DEMAND FOR JURY TRIAL- 19

108.    Despite the reported incidents of discrimination and HIB, Davis administrators, namely Defendant Stanley and Mr. McDaniel, failed to timely investigate Avianna's complaints.

109.    Approximately seven months after Ms. Cantu first made Davis administrators aware of the discrimination and HIB Avianna was experiencing, Defendant Stanley investigated the allegations.

110.    On July 25, 2018, the Yakima School District School Board determined that investigation conducted by Defendant Stanley failed to follow district procedures.

111.    The delay in investigating the discrimination and HIB emboldened members of the Dance Team and Ms. Graf to continue their pervasive and persistent discrimination and HIB of Avianna

112.    On or about January 18, 2018, Ms. Cantu contacted the District's Executive Director of Student Life, Amanda Jewell to report the ongoing, severe, persistent, and pervasive discrimination and HIB of Avianna

113.    Ms. Jewell indicated that the District was working on a safety and support plan for Avianna that would include a monitor during all Dance Team events to ensure Avianna's physical and emotional safety.

114.    At no time during the 2018-2019 school year was an appropriate safety and support plan drafted or implemented for Avianna.

COMPLAINT AND DEMAND FOR JURY TRIAL- 20

115.    The District failed to implement even the deficient safety and support plan that was developed for Avianna during the 2018-2019 school year.

116.    Avianna's mental health deteriorated, she felt depressed, and fearful that the Dance Team would continue to harass her.

117.    Members of the Dance Team, as well as Ms. Graf, continued to harass Avianna

118.    On or about February 22, 2018, Ms. Cantu contacted Defendant Mahre concerning Avianna being subject to ongoing, severe, persistent, and pervasive discrimination and HIB during her participation on the Dance Team.

119.    As set forth above, Defendant Mahre was the Deputy Superintendent, Civil Rights Compliance Coordinator, Title IX Coordinator, and was identified as the person above Ms. Jewell that concerns related to discrimination and HIB should be taken to.

120.    At a meeting on February 28, 2018, Ms. Cantu and Avianna told Defendant Mahre about ongoing, severe, persistent, and pervasive discrimination and HIB Avianna was subject to on the Davis Dance Team.

121.    Based on information and belief, Defendant Mahre took no action following the February 28, 2018 meeting.

122.    On March 15, 2018, Ms. Cantu emailed Defendant Irion, who was the District's Superintendent and Defendant Mahre's supervisor, to discuss the

COMPLAINT AND DEMAND FOR JURY
TRIAL- 21

ongoing, severe, persistent, and pervasive discrimination and HIB directed towards Avianna and to plan a meeting.

123.    Ms. Cantu took her concerns about the ongoing, severe, persistent, and pervasive discrimination and HIB to Defendant Irion because of Defendant Stanley's and Defendant Mahre's failures to address the same.

124.    A meeting between Ms. Cantu and Defendant Irion took place on or about April 13, 2018.

125.    On or about May 11, 2018, the District, through Defendant Irion, informed Ms. Cantu that the District was hiring an investigator to complete its investigation into Avianna's allegations.

126.    The District hired Monte Redal, an employee or contractor of the District's insurer, Clear Risk Solutions, to investigate the allegations of ongoing, severe, persistent, and pervasive discrimination and HIB against Avianna.

127.    The District's Operational Procedure related to investigating allegations of HIB, Operational Procedure 3215, requires that "investigations are prompt, impartial, and thorough."

128.    Mr. Redal completed the Clear Risk "Pre-Litigation Program" report on June 21, 2018.

129.    As the District's insurer, Clear Risk Solutions has a vested financial interest in finding no wrongdoing on the part of the District or its employees.

COMPLAINT AND DEMAND FOR JURY TRIAL- 22

130.    Mr. Redal's "Pre-Litigation Program" report omitted, misstated, and fabricated material facts regarding the discrimination and HIB Avianna was subjected to.

131.    Mr. Redal's "Pre-Litigation Program" investigation was not prompt as required by Operational Procedure 3215.

132.    Mr. Redal's "Pre-Litigation Program" investigation was not impartial as required by Operational Procedure 3215.

133.    Mr. Redal's "Pre-Litigation Program" investigation was not thorough as required by Operational Procedure 3215.

134.    Ms. Cantu appealed the Clear Risk "Pre-Litigation Program" decision to the District's School Board consistent with Operational Procedure 3215.

135.    On July 25, 2018, the District's School Board correctly determined that District Administrators failed to comply with District Operational Procedures regarding implementing safety plans for students during investigations.

136.    On July 25, 2018, the District's School Board incorrectly determined that Avianna was not the subject of pervasive and persistent discrimination and HIB.

137.    Based upon information and belief, the School Board was never made aware prior to its July 25, 2018 decision of Defendant Stanly's "left-hand desk drawer filing system" for reports of discrimination and HIB.

COMPLAINT AND DEMAND FOR JURY TRIAL- 23

138.    Due to the discrimination and HIB directed towards Avianna, Avianna initially chose not to try out for the 2018-2019 Davis Dance Team.

139.    Because of the failures to comply with District Operation Procedure, the District's School Board determined during its meeting on July 25, 2018 that Avianna should be allowed to try out for the Dance Team. She did and was accepted for the 2018-2019 school year.

140.    During 2018-2019 school year, Dance Team members and District staff, including Ms. Graf, continued to create a hostile educational environment and direct discrimination and HIB towards Avianna. The discrimination and HIB continued both online and on District property.

141.    This conduct was reported to Defendant Stanley and others. It was never investigated.

142.    This conduct was motivated by Avianna's gender, sex, and status as a student with a disability.

143.    The District's Operational Procedure related to Audience Participation at School Board Meetings, Operational Procedure 1430, states that "The president may interrupt or terminate an individual's statement when it is too lengthy, personally directed, abusive, obscene or irrelevant. … Members of the public will refrain … from making derogatory comments about individuals."

144.     On September 18, 2018 and October 16, 2018, the District held a School Board meeting. The School Board and Defendant Mahre, who was acting as the Secretary of the School Board in place of Defendant Irion, allowed District employees, students, and student's family members to make personally directed, abusive, irrelevant, derogatory, and discriminatory and HIB statements about Avianna in violation of Operational Procedures 1430 and Operational Procedure 3215.

145.     Defendant McKenna was one such individual allowed to make personally directed, abusive, irrelevant, derogatory, and discriminatory and HIB statements about Avianna in violation of Operational Procedures 1430 and Operational Procedure 3215.

146.     The statements about Avianna that were made during the September 18, 2018 and the October 16, 2018 School Board Meetings, including the statements of Defendant McKenna, were untrue.

147.     The untrue statements about Avianna that were made during the September 18, 2018 and October 16, 2018 School Board Meeting in violation of Operational Procedures 1430 and Operational Procedure 3215, including the statements of Defendant McKenna, were published and republished by the District both on television and on the District's website.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 25

148.    The District allowed Avianna to be subjected to public ridicule at and after its September 18, 2018 and October 16, 2018 School Board Meetings, as the District continues to have the recordings of those meeting published online.

149.    Additionally, the School Board Meeting Minutes for the September 18, 2018 and October 16, 2018 School Board Meetings, which were published and republished online and in paper copy, contain the factually untrue abusive, irrelevant, derogatory, and discriminatory and HIB statements about Avianna.

150.    Through counsel, Ms. Cantu and Avianna reported the conduct that occurred at the September 18, 2018 and October 16, 2018 School Board Meetings as allegations of discrimination and HIB.

151.    The District failed to investigate the allegations related to the September 18, 2018 and October 16, 2018 School Board Meetings.

152.    Despite the reported incidents of discrimination and HIB against Avianna by the Davis Dance team, Defendant Mahre, the District's Civil Rights Compliance Coordinator and Title IX Coordinator, refused to meet with Avianna and Ms. Cantu during the 2018-2019 school year.

153.    Based upon information and belief, Defendant Mahre did meet with the members of the Davis Dance team who were engaged in discrimination and HIB against Avianna during the 2018-2019 school year.

COMPLAINT AND DEMAND FOR JURY TRIAL- 26

154.    In October of 2018, Davis administrators cancelled Dance Team practices and events indefinitely.

155.    The decision to suspend Dance Team was memorialized in a letter dated October 29, 2018 by Davis Principal McDaniel that acknowledged that the District and Davis administrative staff had been ineffective at preventing "the issues at hand" from occurring. By "issues at hand" the Mr. McDaniel was referring to the discrimination and HIB directed towards Avianna.

156.    Avianna was retaliated against when Principal McDaniel announced the decision to suspend indefinitely the Davis Dance Team. This retaliation was reported to the District. For example, Avianna was barred from participating in "Senior Follies," a yearly talent show put on by Davis. The District would not explain why Avianna was barred from participating in Senior Follies.

*IV.*    *District Response to Persistent and Pervasive Discrimination and HIB by the Davis Dance Team*

157.    Plaintiffs repeat and reallege paragraphs 1-19 and 25-156 as if fully set forth herein.

158.    Ultimately, when the Davis Dance Team was reinstated, all other members of the team quit in protest, leaving Avianna as the only remaining member.

159.     The District and Defendant Stanley failed to recognize that Avianna did not quit the team and did not allow her to participate in any activities or events.

160.     The District and Defendant Stanley also failed to acknowledge Avianna as a senior member of the Dance Team.

161.     The District, Defendant Stanley, and Defendant Mahre failed to create and/or implement an appropriate safety support plan for Avianna

162.     Despite knowing that Avianna had developed anxiety, panic attacks, post-traumatic stress disorder, and depression as a result of being subjected to severe, persistent, and pervasive discrimination and HIB, and that these mental health conditions substantially impacted her ability to engage in major activities such as learning, thinking, eating, and communicating, the District at no time afforded Avianna protects as a student with a disability under state or federal law.

163.     Based upon information and belief, the District treated white students and parents who raised allegations of discrimination and HIB differently than how it treated Avianna and Ms. Cantu, who are Hispanic.

164.     Based upon information and belief, the District treated Avianna and Ms. Cantu differently because of their race.

165.     Based upon information and belief, the District treated male parents who raised who raised allegations of discrimination and HIB differently than how it treated Ms. Cantu, who is female.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 28

166.    Based upon information and belief, the District treated Ms. Cantu differently because of her gender.

167.    Based upon information and belief, the District treated white students and parents who were suspected of having disabilities differently than how it treated Avianna and Ms. Cantu, who are Hispanic.

168.    Based upon information and belief, the District treated Avianna and Ms. Cantu differently because of their disabilities.

## IV.  CAUSES OF ACTION

## CAUSE OF ACTION NO. 1

## VIOLATION OF 20 U.S.C. § 1681 ET SEQ., TITLE IX OF THE EDUCATION AMENDMENTS ACT OF 1972

1.    Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.    In order to prosecute a Title IX claim the claimant must show that (1) the school is a Title IX funding recipient, (2) an appropriate person must have actual knowledge of the harassment the plaintiff alleges occurred, (3) the school must act with deliberate indifference to known acts of harassment in its programs or activities, and (4) the discrimination must be so severe, pervasive, and objectively offensive that it effectively bars access to an equal opportunity to education.

3.    The District is a Title IX funding recipient.

COMPLAINT AND DEMAND FOR JURY TRIAL- 29

4.      Over the course of multiple school years, Ms. Cantu and Avianna filed numerous discrimination and HIB complaints and registered many other complaints with school officials regarding the severe, pervasive, and objectively offensive discrimination that Avianna was subject to. This included being physically assaulted because of her gender, being subject to threats of violence because of her gender, being subject to sexual violence because of her gender (being drugged and potentially sexually assaulted), being the subject of sexual graffiti because of her gender, being the subject of online sexual harassment because of her gender, and having her concerns about how she was being targeted at school belittled because of her gender and physical attractiveness by the person charged with looking into some of the same by the District's Title IX Compliance Coordinator.

5.      It is undisputed that the District, Defendant Stanley, Defendant Irion and Defendant Mahre were on notice that Avianna was and continued to be the frequent target of sexual harassment and retaliation by other Davis students since April 2016.

6.      Defendant Stanley, Defendant Irion, and Defendant Mahre are "appropriate persons" for purposes of a Title IX claim.

7.      The District and Defendant Stanley, Defendant Irion, and Defendant Mahre acted with deliberate indifference towards the sexual harassment and

retaliation of Avianna, by failing to follow District polices related to sexual harassment and failing to take proper action to stop the harassment from occurring.

8.      Defendant Stanley failed to recognize the ongoing and pervasive harassment and retaliation Avianna was facing. Defendant Stanley failed to timely input into the District's HIB system all of Avianna's and Ms. Cantu's discrimination and HIB complaints.

9.      The discrimination and HIB conduct persisted from the 2015-16 school year well into the second semester of the 2016-17 school year and was only curtailed after Ms. Cantu obtained two protection orders against HIB aggressors.

10.     Defendants' acts have caused Avianna damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 2

## FEDERAL DISCRIMINATION AND CIVIL RIGHTS VIOLATIONS

1.      Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.      At all material times, the District and the Defendants were acting under color of law.

3.      Federal law protected Avianna from discrimination based on race and disability while attending Davis.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 31

4.    The District's actions and omissions as described herein were in violation of the Title VI, the ADA, and Section 504.

5.    By engaging in the acts and omissions described herein, the Defendants, acting under color of law and with deliberate indifference, violated Avianna's right to be free from discrimination on the basis of her race and her disabilities.

6.    By engaging in the acts and omissions described herein, the Defendants, acting under color of law and with deliberate indifference, violated Avianna's rights under federal law to benefit from her education free from discrimination based on her race and disabilities.

7.    Avianna's right to be free from discrimination on the basis of her race and disabilities as described herein was clearly established in law at the time of the incidents alleged.

## CAUSE OF ACTION NO. 3

### VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION ACT –RCW 49.60 ET. SEQ.

1.    Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.    A student prosecuting an RCW 49.60 et. seq. Washington's Law Against Discrimination (WLAD) claim must show that (a) the plaintiff is a member

of a protected class (b) the defendant is a place of public accommodation, (c) that the defendant discriminated against the plaintiff, whether directly or indirectly, (d) that the discrimination substantially occurred "because of" the plaintiff's status."

a. *Discrimination based on sex*

1.    Avianna is a female and, therefore, qualifies as a member of a protected class under the WLAD based on her sex.

2.    Davis is an educational institution, and as such is a place of public accommodation.

3.    Avianna was frequently the target of Davis student aggressors due to her sex and members of the opposite sex's interest in Avianna.

4.    Defendants' actions and inactions have caused Avianna damages in an amount to be proven at trial.

b. *Discrimination based on race*

5.    Avianna is Hispanic and, therefore, qualifies as a member of a protected class under the WLAD based on her race.

6.    Davis is an educational institution, and as such is a place of public accommodation.

7.    Defendants' failure to address the discrimination and HIB that Avianna was experiencing in the manner it should have because of her race.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 33

8.      Defendants' actions and inactions have caused Avianna damages in an amount to be proven at trial.

### c. *Discrimination based on disability*

1.      Avianna suffers from anxiety, panic attacks, post-traumatic stress disorder, and depression as a result of being subjected to severe, persistent, and pervasive discrimination and HIB. Therefore, Avianna qualifies as a member of a protected class under the WLAD based on her disabilities.

2.      Davis is an educational institution, and as such is a place of public accommodation.

3.      Defendants' failure to address the discrimination and HIB that Avianna was experiencing caused her to develop disabilities that the District then failed to properly accommodate.

4.      Defendants' actions and inactions have caused Avianna damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 4

## VIOLATIONS OF RCW 28A ET SEQ.

1.      Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.      The District violated Chapter 28A of the Revised Code of Washington, which required it to protect Avianna from bullying and harassment and adequately

COMPLAINT AND DEMAND FOR JURY TRIAL- 34

maintain and enforce disciplinary policies and procedures, resulting in damages as stated herein.

3.      The District further violated RCW 28A by failing to implement a policy and protocols as mandated by RCW's 28A.320.127 and 1271, intended to protect students by ensuring schools have plans for the recognition, screening, and response to emotional or behavioral stress in students because the legislature has recognized that suicide is the second leading cause of death for Washington youth between the ages of ten and twenty-four and "teachers and school staff who interact with students daily are in a prime position to recognize the signs of emotional or behavioral distress and make appropriate referrals." *See* Legislative Findings of 2013, RCW 281.320.127.

4.      Because these Washington statutes are directed and benefitting specific groups that Avianna is a member of and no tangible remedy is available to her in that statute, Washington law creates a cause of action against the District for these violations. *See e.g., Swank v. Valley Christian School*, 188 Wn.2d 663, 398 P.3d 1108 (2017) (holding that an implied cause of action existed for parents to recover for statutory violations of law regarding concussions in sports programs under state Lystedt law).

COMPLAINT AND DEMAND FOR JURY
TRIAL- 35

## CAUSE OF ACTION NO. 5

## NEGLIGENT SUPERVISION OF EMPLOYEES

1.     Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.     In order to state a common law claim of negligent hiring, supervision, and retention of employees the plaintiff must show (1) the District had a duty to prevent foreseeable harms to students from negligent staffing and mistreatment, (2) the District was aware the staff was mistreating Avianna, and (3) it was foreseeable that such mistreatment would continue if the District did nothing about it.

3.     The District owes its students a duty of care.

4.     At all relevant times, Avianna was a student at Davis, a public high school within the District boundaries.

5.     As such, the Defendants' owed Avianna a duty of care.

*a. Negligent Supervision of Defendant Stanley*

6.     On numerous occasions, Ms. Cantu and Avianna brought it to the District's attention that Defendant Stanley was ineffective in protecting Avianna from discrimination and HIB as well as properly investigating the same.

7.     Ms. Cantu then reported this to Mr. McDaniel (Defendant Stanley's supervisor) Ms. Jewell, Defendant Mahre, and Defendant Irion.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 36

8.     Mr. McDaniel, Defendant Mahre and Defendant Irion did not take meaningful action to correct the actions of Defendant Stanley

9.     Defendant Mahre knew or should have reasonably known that Defendant Stanley was not appropriately handling discrimination and HIB complaints because Avianna's discrimination HIB complaints were not in the District tracking system when she went to look for them.

10.     Defendants' acts have caused Avianna damages in an amount to be proven at trial.

### b. *Negligent supervision of Ms. Graf*

11.     All incidents involving Ms. Graf were initially reported to Defendant Stanley and later to Defendant Stanley and Mr. McDaniel.

12.     Eventually, incidents involving Ms. Graf were reported to Ms. Jewell, Defendant Mahre, Defendant Irion, the District's School Board President, and, finally, the District's insurance company.

13.     It was foreseeable that Ms. Graf's conduct as HIB aggressor and instigator would continue as no one from the District or Davis intervened to stop Ms. Graf from targeting Avianna.

14.     Defendant's acts have caused Avianna damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 6

## NEGLIGENT HIRING OR RETAINING
## OF EMPLOYEES

1. Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2. In order to state a common law claim of negligent hiring, supervision, and retention of employees the plaintiff must demonstrate that (1) the employer knew or, in the exercise of ordinary care, should have known of its employee's unfitness at the time of hiring or sometime thereafter (2) the negligently hired or retained employee proximately caused the plaintiff's injuries.

3. Defendant Stanley frequently failed to timely investigate discrimination and HIB complaints made by Avianna and Ms. Cantu

4. Defendant Stanley's failure to timely investigate was evident by the HIB reports he authored that documented he failed to timely investigate.

5. Defendant Maher noticed that Defendant Stanley failed to enter HIB complaints into the District tracking system because she checked the District tracking system and could not find any complaints for Avianna

6. Defendant Stanley's failure to timely investigate HIB complaints and to timely input HIB complaints into the District tracking system proximately caused Avianna to be the frequent target of discrimination, HIB, and retaliation.

7.     Defendants' acts have caused Avianna damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 7

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1.     Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.     In order to prove a common law claim of negligent infliction of emotional distress a plaintiff must demonstrate that (1) the defendant owed the plaintiff a duty of care (2) the defendant breached its duty of care to the plaintiff, (3) the defendant's breach is the proximate cause of the harm suffered by the plaintiff, (4) the plaintiff suffered damages, and (5) the plaintiff suffered an emotional response that was reasonable under the circumstances and corroborated by "objective symptomatology."

3.     The District and its employees owe its students a duty of care.

4.     Avianna was a student at Davis; therefore, the Defendants' owed Avianna a duty of care.

5.     The Defendants' breached their duty of care in myriad ways that resulted in Avianna being a consistent and constant target of discrimination and

HIB during her four years at Davis, including being subject to physical assaults and being drugged and potentially sexually assaulted.

6.      The Defendants' numerous breaches of its duty of care to Avianna caused Avianna to be consistently targeted for discrimination and HIB, including being subject to physical assaults and being drugged and potentially sexually assaulted.

7.      The Defendants' numerous breaches of its duty of care to Avianna caused Avianna to be subjected to public ridicule and scorn, further exacerbating and worsening Avianna's mental health.

8.      As a result, Avianna suffers from anxiety, panic attacks, post-traumatic stress disorder, and depression, which requires therapy and medication.

9.      Defendants' acts have caused Avianna damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 8

### OUTRAGE

1.      Plaintiffs re-allege the above paragraphs.

2.      In order to prove a common law claim of outrage a plaintiff must demonstrate that (1) extreme and outrageous conduct (2) intentional or reckless infliction of emotional distress, and (3) the actual result of severe emotional distress to the plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL- 40

3.     Ms. Graff engaged in extreme and outrageous conduct by frequently engaging in HIB towards Avianna and enabling members of the Davis Dance Team to engage in similar HIB towards Avianna

4.     Defendants engaged in extreme and outrageous conduct when each respective person learned of Ms. Graf's conduct but failed to intervene on Avianna's behalf.

5.     Avianna frequently cried or was visibly upset after her interactions with Ms. Graf and members of the Davis Dance Team but Ms. Graf and the Davis Dance Team's HIB toward Avianna persisted.

6.     As a result, Avianna suffers from anxiety, panic attacks, post-traumatic stress disorder, and depression, which requires therapy and medication.

7.     As a result of what Ms. Cantu experienced, Ms. Cantu suffers from elevated blood pressure, anxiety, panic attacks, and depression, which requires therapy and medication.

8.     Defendants' acts have caused Plaintiffs' damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 9

## RESPONDEAT SUPERIOR

1.     Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 41

2.    An employer is liable for the torts that an employee commits within the scope of employment and in furtherance of the employer's business. All torts committed by Defendant Stanley, Defendant Mahre, and Defendant Irion were committed within the scope of their employment as District employees in furtherance of the District.

3.    The District is liable for all torts referenced in the above paragraphs above committed by the District's employees.

4.    Defendants' acts have caused Plaintiffs' damages in an amount to be proven at trial.

## CAUSE OF ACTION NO.10

## INJURY TO THE PARENT-CHILD RELATIONSHIP

1.    Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.    In order to prove a common law claim of loss of consortium a plaintiff must demonstrate that (1) an existing relationship (2) a wrongful interference with the relationship by a third person, (3) a loss of affection or consortium, and (4) a causal connection between the third party's conduct and the loss.

3.    Ms. Cantu is Avianna's biological mother.

4.    Avianna has relied on Ms. Cantu for guidance, counsel, and a mother-daughter friendship.

COMPLAINT AND DEMAND FOR JURY TRIAL- 42

5.      The Defendants' failure to stop Avianna from being the target of discrimination and HIB and its allowing Avianna to be the subject of retaliation for Ms. Cantu reporting acts of discrimination and HIB has interfered with Ms. Cantu and Avianna's relationship.

6.      Ms. Cantu and Avianna do not share the same relationship they had prior to Avianna being the target of discrimination, HIB, and retaliation.

7.      The stress of Avianna being a target of HIB conduct interferes with Ms. Cantu and Avianna's relationship with one another, resulting in a loss of consortium for both Ms. Cantu and Avianna

8.      Defendants' acts have caused Plaintiffs damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 11

## DEFAMATION

1.      Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.      In order to prove a common law claim defamation claim, a plaintiff must demonstrate that the defendant (1) made a false and unprivileged statement of fact about the claimant (2) caused harm to befall the plaintiff, through statements, and (3) acted with reckless disregard for the truth by making the statements.

COMPLAINT AND DEMAND FOR JURY
TRIAL- 43

3.     During the September 18, 2018 and October 16, 2018, the School Board Meeting, Defendant McKenna made false statements of fact about Avianna

4.     Defendant McKenna false claims further encouraged others to target Avianna for discrimination and HIB.

5.     Defendant McKenna's false statements victim shamed Avianna and characterized her as the problem.

6.     The District and Defendant Mahre and Irion's acts in allowing Defendant McKenna to make false statements in violation of District Operational Procedure and to publish and republish the same have caused Avianna damages in an amount to be proven at trial.

## CAUSE OF ACTION NO. 12

## CIVIL CONSPIRACY

1.     Plaintiffs repeat and reallege paragraphs 1-168 as if fully set forth herein.

2.     Despite the numerous legal mandates to protect Avianna from discrimination and HIB, the Defendants colluded together to continue to harm Avianna, including allowing Defendant McKenna to engage in defamation of Avianna at School Board meetings and to eliminate the Dance Team altogether despite Avianna being the only team member who refused to quit. These efforts provide the necessary clear, cogent, and convincing evidence that (1) two or more

COMPLAINT AND DEMAND FOR JURY TRIAL- 44

agents of the District combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy.

3.    Defendants' actions have caused Plaintiffs damages in an amount to be proven at trial.

## V.    PRAYER FOR RELIEF

Plaintiffs respectfully pray for:

A.    Compensation for all injury and damages suffered by Plaintiffs. including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial, pre and post judgment interest, medical special damages, and general damages relating to physical injury, emotional distress, and mental anguish damages as provided by law.

B.    Plaintiffs' reasonable attorneys, expert fees, and costs for their claims that allow for the recovery of the same.

C.    For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 2nd day of January, 2020.


*s/ Shannon M. McMinimee*
SHANNON M. MCMINIMEE, WSBA# 34471
LARA HRUSKA, WSBA # 46531
ALEX HAGEL, WSBA # 55423
Cedar Law PLLC
120 N 50th Ave

COMPLAINT AND DEMAND FOR JURY
TRIAL- 45

Yakima, WA 98908
T: 206.607.8277
F: 206.607.8277
E: shannon@cedarlawpllc.com
E: lara@cedarlawpllc.com
E: alex@cedarlawpllc.com

RYAN P. FORD, WSBA # 50628
Ford Law Firm PLLC
1001 4th Avenue, Suite 4400
Seattle, WA 98154
T: 206.552.0258
F: 206.260.9121
E: rpf@fordlawfirmpllc.com

Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY
TRIAL- 46