UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AVIANNA MORENO and ANDREA CANTU,<br><br>  Plaintiffs,<br><br>  v.<br><br>YAKIMA SCHOOL DISTRICT NO. 7, JOHN R. IRION, in his individual capacity, CECILIA MAHRE, in her individual capacity, ROBERT STANLEY, in his individual capacity,<br><br>  Defendants. | NO. 1:20-CV-3002-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment. ECF No. 60. Plaintiffs did not file a response. Plaintiffs were granted extensions of time to respond to the motion. ECF Nos. 69, 72, 75, and 80. On December 8, 2022, the Court ordered

> Before the Court is Plaintiffs' Fifth Motion for Continuance to respond to the motion for summary judgment that has been pending since 9/6/2022. The Court previously vacated the scheduling order in this case because of Plaintiffs' delay. ECF

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

> No. 69. Defendants oppose any more continuances. Because Defendants deserve a timely disposition of this case and the Court must maintain and control its docket, this is the last continuance the Court will grant. Plaintiffs' response to the Motion for Summary Judgment [ECF No. 60] is due on or before December 20, 2022. The optional Reply is due by January 6, 2023.

ECF No. 80. Subsequently, Plaintiffs filed two additional motions for continuance seeking an extension until December 22, 2022 and then seeking an extension until December 27, 2022. ECF Nos. 81 and 82. However, those dates passed and Plaintiffs never filed any response.

## DISCUSSION

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

1 of evidence in support of the plaintiff's position will be insufficient; there must be
2 evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.
3     For purposes of summary judgment, a fact is "material" if it might affect the
4 outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is
5 "genuine" only where the evidence is such that a reasonable jury could find in
6 favor of the non-moving party. *Id*. The Court views the facts, and all rational
7 inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*
8 *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted
9 "against a party who fails to make a showing sufficient to establish the existence of
10 an element essential to that party's case, and on which that party will bear the
11 burden of proof at trial." *Celotex*, 477 U.S. at 322.
12     As Plaintiffs failed to present evidence disputing Defendants' statement of
13 material facts, ECF No. 61, the Court considers these facts undisputed. Fed. R.
14 Civ. P. 56(e)(2).
15     **A. Title IX Claim**
16     For the Yakima School District to be held liable under Title IX for peer-on-
17 peer harassment, a plaintiff must demonstrate (1) the school was deliberately
18 indifferent to sexual harassment; (2) of which it had actual knowledge; and (3) the
19 sexual harassment was so severe, pervasive, and objectively offensive that it can be
20 said to have deprived the plaintiff of access to the educational opportunities or

benefits provided by the school. *See Davis ex rel. LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 650 (1999).

Plaintiffs failed to come forward with evidence to support the elements of this cause of action. Based on the undisputed evidence, Defendants were not deliberately indifferent to any alleged sexual harassment nor did Defendants act or fail to act in a way that caused Plaintiff Moreno's alleged injuries where the District investigated and responded to every complaint made by Plaintiffs, which involved third-party investigators and disciplinary action against the aggressors. Therefore, this claim is dismissed.

### B. Title VI, Section 504, and ADA Claims

Plaintiffs failed to provide evidence supporting their racial and disability discrimination claims. Based on the undisputed evidence, Defendants did not intentionally discriminate or demonstrate deliberate indifference to Plaintiffs' claims based on race and disability. Therefore, these claims are dismissed.

### C. Washington Law Against Discrimination Claim

Plaintiffs failed to provide evidence supporting their allegations based on race, gender, and disability claims under Washington law. Based on the undisputed evidence, Plaintiffs' state discrimination claims fail for the same reason as the federal claims. Therefore, these claims are dismissed.

//

### D. Claims 4, 5, and 6

Plaintiffs previously agreed to the dismissal of these claims and they were dismissed by the Court.  ECF No. 56.

### E. Negligent Infliction of Emotional Distress Claim

To establish a negligent infliction of emotional distress claim, a plaintiff must show (1) the emotional distress is within the scope of foreseeable harm of the negligent conduct, (2) the plaintiff reasonably reacted given the circumstances, and (3) the distress is confirmed by objective symptomatology.  *Bylsma v. Burger King Corp.*, 176 Wash. 2d 555, 560 (2013).

Plaintiffs failed to provide evidence supporting their allegations of negligent infliction of emotional distress.  Based on the undisputed evidence, Defendants did not act negligently in causing the alleged emotional distress nor is any distress shown by objective symptomatology.  Therefore, this claim is dismissed.

### F. Tort of Outrage

To establish a tort of outrage claim, a plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff.  *Reid v. Pierce Cnty.*, 136 Wash. 2d 195, 202 (1998) (citations omitted).

Plaintiffs failed to provide evidence supporting their allegation of outrage.  Based on the undisputed evidence, Defendants did not intentionally or recklessly

engage in extreme or outrageous conduct that caused Plaintiffs severe emotional distress. Therefore, this claim is dismissed.

### G. *Respondeat Superior* Claim

Plaintiffs claim that the School District is liable for all torts committed by its employees. However, Plaintiffs failed to provide evidence supporting this broad allegation. The School District cannot be held liable where there are no genuine issues of material fact that any torts were committed. Therefore, this claim is dismissed.

### H. Injury to Parent-Child Relationship Claim

The elements of a claim for tortious interference with a parent-child relationship are (1) the existence of a family relationship, (2) a wrongful interference with the relationship by a third person, (3) an intention on the part of the third person that such wrongful interference results in a loss of affection or family association, (4) a causal connection between the third person's conduct and the loss of affection, and (5) that such conduct resulted in damages. *Grange Ins. Ass'n v. Roberts*, 179 Wash. App. 739, 765 92 (2013) (citations omitted). To prove intent, the plaintiff must prove "malice—that is, an intent that the plaintiff lose the affection of his or her family. *See id.*

Plaintiffs failed to provide evidence supporting this claim. Based on the undisputed evidence, Defendants did not intentionally and wrongfully interfere in any familial relationship. Therefore, this claim is dismissed.

**I. Defamation Claim**

To establish defamation, a plaintiff must show: (1) a false statement; (2) that was unprivileged; (3) the defendant was at fault, and (4) the statement proximately caused damages. *Alpine Indus. Computers, Inc. v. Cowles Pub. Co.*, 114 Wash. App. 371, 378 (2002).

Plaintiffs' allegations of defamation are based on alleged false statements of former Defendant McKenna at School Board Meetings on September 18, 2018 and October 16, 2018. Defendant McKenna was dismissed from this suit with prejudice. ECF No. 30. Plaintiffs failed to provide evidence supporting this claim. Based on the undisputed evidence, Defendants did not publish false statements that caused injury. Additionally, the board meeting minutes are privileged as a public official proceeding record. *Alpine*, 114 Wash. App. at 385. Therefore, this claim is dismissed.

**J. Civil Conspiracy Claim**

Because there are no actionable causes of action, the claim of a civil conspiracy also fails. *W.G. Platts, Inc. v. Platts*, 73 Wash. 2d 434, 439 (1968). Therefore, this claim is dismissed.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 60, is **GRANTED**. Plaintiffs' claims are **DISMISSED with prejudice.**

2. Plaintiffs' Motions to Continue, ECF Nos. 81 and 82, are **DENIED as moot.**

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED December 28, 2022.



THOMAS O. RICE
United States District Judge